**SO ORDERED.**

**SIGNED this 14th day of January, 2025.**



Mitchell L. Herren
United States Bankruptcy Judge

**Designated for online publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| In re:<br><br>**Benjamin L. Hoffman,**<br><br>        **Debtor.** | **Case No. 24-10154**<br>**Chapter 7** |

**Memorandum Opinion and Order Granting in Part Motion to Compel,**
**Granting Attorneys' Fees as Sanction (Doc. 49)**

This Order determines the appropriate sanction to remedy a debtor's failure

to comply with requests for production of documents related to an examination

under Federal Rule of Bankruptcy Procedure 2004[1] and related Court Orders.

Debtor, represented by counsel, not only failed to participate in a speedy resolution

of the parties' dispute, but also repeatedly ignored deadlines established by this

Court. An award of fees as a sanction is appropriate under this Court's inherent

---

[1] Further references to the Federal Rules of Bankruptcy Procedure will be to Rule and number only. All statutory citations are to the Bankruptcy Code, title 11, unless otherwise noted.

authority to sanction abusive litigation practices and violations of its Orders, and grants that portion of the motion to compel at issue that seeks those sanctions.

## I.     Findings of Fact

Debtor Benjamin L. Hoffman filed a Chapter 7 petition on March 11, 2024, represented by counsel. The petition was a quick file, with no supporting Schedules, Statement of Financial Affairs, or other documents. Debtor did, however, list Dorothy Gallagher on his creditor matrix, and Ms. Gallagher received notice of Debtor's bankruptcy filing. According to Debtor, she alleges fraud and deceptive acts and practices arising out of roofing work at her home.  At the time of the bankruptcy filing, a deadline to oppose discharge or object to the dischargeability of debt was set for June 17, 2024.[2] When Debtor filed his Schedules and other documents about a month later, on April 8, 2024, a debt to Ms. Gallagher was listed on his Schedule E/F for $5477.[3] No other details were given concerning the debt.

Debtor's Schedule I showed income of $3,000 a month, and Debtor stated he was self-employed. He did not, however, supply the required business statement showing his gross receipts, business expenses, and monthly net income from that self-employment.[4] In his Statement of Financial Affairs, Debtor claimed he had zero gross income from operation of his business to date in 2024, but $806,302 in 2023 and $1,102,569 in 2022.[5] Debtor claimed in the last four years be had been in a sole

---

[2] Doc. 4.
[3] Doc. 15 p. 9.
[4] *Id.* p. 15-16. Debtor's Declaration Regarding Payment Advices also states he is self-employed. Doc. 17.
[5] Doc. 15 p. 22-23.

2

proprietorship and a member of an LLC, and listed "Wichita Home Specialists, LLC,' operating from 2018 to 2023, and "Wichita Home Specialist," operating in 2024.[6] Debtor's Statement of Financial Affairs also listed one legal action pending at filing; stated as "Gallagher versus Hoffman, 23 CV 414," a pending collection suit.[7]

Debtor's counsel's Disclosure of Compensation indicated counsel agreed to represent Debtor in adversary proceedings, and for those services would charge $300 an hour.[8]

Early in the case, on May 30, 2024, counsel for Ms. Gallagher filed a Notice of 2004 Examination of Debtor. As amended the next day, the Notice requested an examination of Debtor on June 17, 2024, and requested documents responsive to thirteen categories of requests by June 14, 2024.[9] Some categories were standard documents required for a debtor in bankruptcy, although perhaps more extensive as to time: *e.g.*, Category 1 was for tax returns for the prior four years and the supporting Schedules and Forms for those returns, as well as Debtor's last five years of bank statements.[10] Other documents requested were particular to the dispute with Ms. Gallagher: *e.g.*, Category 10 was for, among other items, all business records and correspondence concerning Ms. Gallagher or her homes.[11]

Four days prior to the expiration of the deadline to object to dischargeability of debt, Ms. Gallagher filed an agreed motion and order extending that deadline to

---

[6] *Id.* p. 27.
[7] *Id.* p. 24.
[8] *Id.* p. 33.
[9] Doc. 22.
[10] *Id.* p. 3.
[11] *Id.* p. 6.

3

August 16, 2024, as to Ms. Gallagher.[12] The next day, on June 14, 2024, Ms. Gallagher filed a Notice the Rule 2004 examination would not proceed on June 17, 2024, but would be rescheduled for a future date to be determined.[13] The parties agreed to grant Debtor additional time to gather documents and to extend the dischargeability deadline.

About six weeks passed. On July 30, 2024, Ms. Gallagher filed a Second Amended Notice of Rule 2004 Examination, setting an examination of Debtor on August 16, 2024.[14] Again, Ms. Gallagher requested documents responsive to the same thirteen categories of requests, by that August 16, 2024, examination.[15]

In the Second Amended Notice, counsel for Ms. Gallagher detailed the efforts undertaken to schedule a new Rule 2004 examination after the Court's entry of the Agreed Order extending the deadline to object to dischargeability. Counsel for Ms. Gallagher sent an email to counsel for Debtor on June 13, 2024, requesting the anticipated date for the production of documents and the rescheduled examination.

No response was received, and Ms. Gallagher's counsel sent a new email communication on July 16, 2024, requesting the same. Again, no response was received. On July 26, 2024, a third email communication was sent requesting dates. Finally, on July 29, 2024, counsel for Debtor responded stating he was not retained by Debtor "on the Gallagher matter" and communications should be sent to Debtor

---

[12] Doc. 26 (agreed motion), Doc. 28 (agreed order).
[13] Doc. 29.
[14] Doc. 31.
[15] *Id*. p. 3-7.

4

directly.[16]

On August 7, 2024, Ms. Gallagher then filed a motion asking the Court to establish dates for Debtor's production of documents and examination under Rule 2004 and an extension of the deadline to object to the dischargeability of debt.[17] The Court set the motion for a hearing on an expedited basis on August 14, 2024. At that hearing on August 14, counsel for Debtor appeared and indicated he had now been retained by Debtor in the matter. The Court ordered Debtor to respond to the document requests by September 30, 2024, complete the Rule 2004 examination by October 18, 2024, and extended the deadline to object to dischargeability of debt again to November 8, 2024.[18]

In late October 2024, the parties notified the Court of their continued dispute concerning the requests and production, and on November 1, 2024, the Court held a preliminary hearing on the dispute pursuant to D. Kan. Local Rule 37.1. At that hearing, the Court extended the dischargeability deadline to December 9, 2024, continued the matter to November 14, 2024, and ordered Ms. Gallagher to file a short motion indicating the documents still needed and the relevance for each, with response from Debtor due by the close of business on November 12, 2024.[19]

As directed, Ms. Gallagher filed her motion,[20] laying out each document requested but not received and asserting her bases for the requests. In the motion,

---

[16] *Id.* p. 2.
[17] Doc. 33.
[18] Doc. 38.
[19] Doc. 45.
[20] Doc. 49.

5

Ms. Gallagher also requested attorney's fees. Debtor did not file his response brief by the deadline to do so.[21]

After hearing argument from the parties at the November 14, 2024 hearing, the Court entered an Order granting the motion to compel, in part.[22] Other than one category of requests, Debtor was ordered to respond in full to the requests by December 2, 2024, or state affirmatively that the requested documents or information did not exist or where they could be found if outside his control.[23] The Court then continued the motion to compel to hearing on December 12, 2024, to monitor compliance and ensure a new agreement for the scheduling of a Rule 2004 examination had been made, and extended the deadline for Ms. Gallagher to object to the dischargeability of debt to December 12, 2024, when a new deadline would be set. Regarding Ms. Gallagher's request for attorneys' fees, the Court asked Ms. Gallagher to file a supporting document to her motion itemizing the requested fees, and gave Debtor an opportunity to respond to the fee request.

The December 2, 2024, deadline for Debtor's response to the document requests came and went with nothing from Debtor. The Court next heard from the parties on December 4, 2024. On that date, Ms. Gallagher filed her Support Document Regarding Requested Attorney Fees (Support Document) with an

---

[21] Debtor did eventually file a response, Doc. 50, and an amended response, Doc. 51, but because the responses were filed out of time and Debtor made no request to do so, the Court did not consider them other than to note Debtor's general argument that he is not personally responsible for any alleged overbillings or deficient roofing work suffered by Ms. Gallagher.

[22] Doc. 54, Doc. 55 (Nunc Pro Tunc Order Granting, in part, Motion to Compel).

[23] Specifically, the Court ordered Debtor to respond to all thirteen categories of requested documents, but as to Category 12, limited the request to the year preceding when the disputed work at issue was completed. Doc. 55 p. 4-5.

6

itemization of her requested fees.[24] Ms. Gallagher affirmatively stated Debtor did not provide a written response with the requested documents and information, let alone by the December 2, 2024, deadline to do so. Counsel for Ms. Gallagher emailed Debtor's counsel on November 26, 2024, asking for dates in December 2024 or January 2025 to schedule the Rule 2004 exam after the required production by December 2, and counsel for Debtor did not respond. The Support Document requested fees of $11,955 and included an itemization in support of that total amount.

Only after this Support Document itemizing fees was filed did Debtor finally file something with the Court. On December 5, 2024, Debtor filed two items: a subpoena issued to Bank of America[25] and Debtor's written response to the document requests in connection with Ms. Gallagher's Rule 2004 examination of Debtor.[26] The subpoena, signed by Debtor's counsel on November 26, 2024, commanded production of Debtor's Bank of America account statements from January 1, 2019, thorough December 31, 2023, with production required to Debtor's counsel by December 9, 2024.[27] Debtor's written response to the document requests generally claimed to have responded to, or to not have responsive documents for each category of missing requests. It also stated Debtor never operated a sole proprietorship and claimed Debtor had produced all documents within his possession and control, other than the Bank of America account records subpoenaed

---

[24] Doc. 56.
[25] Doc. 57.
[26] Doc. 58.
[27] Doc. 57.

on November 26.

Then on December 7, 2024, Debtor filed a response in opposition to Ms. Gallagher's request for attorney's fees.[28] In that response, Debtor admitted he did not respond to Ms. Gallagher's counsel's November 26, 2024, email until December 5, 2024, and also did not prepare Debtor's written response to the requested document requests until December 5, 2024. Again, Debtor argued he had provided all documents within his possession or control that were responsive to the requests. Debtor also argued there was no basis for an award of fees, considering counsel had repeatedly informed counsel for Ms. Gallagher that he had produced all documents he could produce, and would produce the Bank of America records as soon as they were received.

At the hearing on December 12, 2024, the Court heard argument from both parties' counsel. Counsel for Ms. Gallagher argued Debtor's written responses were nonsensical. For example, Debtor claimed he "has never operated a sole proprietorship" and therefore did not have possession or control of business records for a sole proprietorship.[29] But Debtor also produced a 2022 tax return showing he had income from a sole proprietorship. Debtor again responded he had produced everything he had. The Court ultimately determined it would award fees and would issue an opinion on the amount. The Court directed the parties to schedule the Rule 2004 exam and go through the requests at the examination, and if Ms. Gallagher needed to recess the examination because of information learned via examination so

---

[28] Doc. 59.
[29] *See* Doc. 58 p. 3.

8

that counsel could obtain documents and then continue the examination, that would be permitted.[30] The Court also extended the deadline for Ms. Gallagher to object to the dischargeability of debt for another sixty days, to February 10, 2025.

## II.     Conclusions of Law

### A.      Jurisdiction and Venue

The Court has jurisdiction over this core proceeding arising under title 11,[31] and venue is proper.[32]

### B.      Rule 2004 Examinations

Under Federal Rule of Bankruptcy Procedure 2004(a),[33] the Court may order the examination of any entity[34] and may order a debtor to be examined at any designated time or place "for cause shown and on terms as it may impose." In furtherance of Rule 2004, this District enacted Local Bankruptcy Rule 2004.1. Under that Local Rule, no court order is necessary to conduct the Rule 2004 examination; the examination may be scheduled upon the filing of a Notice.[35] The Notice must be served on the trustee, the debtor, the debtor's attorney, and the party to be examined, and at least fourteen days' notice must be provided for

---

[30] The Court also informed counsel for Ms. Gallagher that if Ms. Gallagher felt she needed to ask for more fees because of any delays caused by needing to recess the Rule 2004 examination, she should address that through another motion.

[31] 28 U.S.C. §§ 1334(b), 157(b)(1), (b)(2)(A) (core proceedings include "matters concerning the administration of the estate").

[32] 28 U.S.C. § 1409.

[33] Rule 2004 was amended on December 1, 2024, as part of a "general restyling of the Bankruptcy Rules," and no substantive changes to the Rule were intended. *See* Advisory Committee Notes, 2024 Amendments ("intended to be stylistic only"). The Notice of 2004 Examination was issued under the prior styling of the Rule, but because the substance is the same, the Court cites the current version.

[34] Per Rule 9001(a), the definitions of words found in § 101 apply to the Federal Rules of Bankruptcy Procedure. The word entity is defined in § 101(15) to include a "person, estate, trust, governmental unit, and United States trustee."

[35] D. Kan. LBR 2004.1(a) (scheduling by notice).

9

attendance at the examination and production of documents.[36]

The topics permitted for examination under Rule 2004 are broad—the Rule 2004 examination may relate to: "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," "any matter that may affect the administration of the debtor's estate," or "the debtor's right to a discharge."[37] The Court has "complete discretion" to determine whether a Rule 2004 examination is appropriate.[38]

A Rule 2004 examination may be conducted "for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred."[39] And while the examination permitted by the Rule is necessarily broad, the examination may not be used to abuse or harass, "annoy, embarrass, or oppress the debtor," or "go beyond the bounds of what is, or may be, relevant to the inquiry."[40]

Debtor argues the information sought should only be pursued in an adversary proceeding, rather than as part of the Rule 2004 examination. This Court has already concluded the Rule 2004 examination, and the documents requested in preparation therefor, are appropriate.[41] Ms. Gallagher seeks to establish the

---

[36] D. Kan. LBR 2004.1(b) (reasonable notice).
[37] Rule 2004(b)(1).
[38] *In re Okla. Automatic Door, Co.*, 599 B.R. 167, 170 (Bankr. W.D. Okla. 2019) ("Because Rule 2004(a) provides that the court may order the examination of any entity, its plain meaning grants the bankruptcy court's complete discretion in determining whether a Rule 2004 examination is appropriate.").
[39] *In re Buckner*, No. EO-00-073, 2001 WL 992063, at *4 (10th Cir. BAP Aug. 30, 2001).
[40] *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000).
[41] *See* Doc. 55 (nunc pro tunc order granting in part motion to compel production of documents for Rule 2004 examination).

10

existence and amount of debt allegedly owed to her by Debtor, potentially to challenge its dischargeability in Debtor's bankruptcy. Debtor's counsel has argued that an element of Debtor's defense to this potential claim by Ms. Gallagher is that she is seeking redress from the wrong party—that any alleged wrongdoing to Ms. Gallagher was not done by Debtor individually, but by another legal entity not in bankruptcy. However, Ms. Gallagher is clearly justified in exploring whether the corporate, banking, tax and operational records (to the extent they exist) support or contradict this argument by Debtor. The Court concluded in its prior Order the information sought was directly relevant, justified, and necessary for a meaningful Rule 2004 examination. The Rule 2004 examination is an appropriate vehicle to seek this information prior to Ms. Gallagher's determination of whether an adversary proceeding should be pursued.[42]

### C.    Attorney's Fees as a Sanction

Having concluded the Rule 2004 examination and document requests in advance thereof are appropriate, the Court turns to Ms. Gallagher's request for attorneys' fees "for the time and costs of the repeated [m]otions to obtain production of documents."[43]

There are myriad ways Debtor and his counsel could have responded differently to the dispute discussed herein. First, if Debtor disputed the appropriateness or relevance of the Notice of Rule 2004 examination, Debtor should

---

[42] *See, e.g.*, *In re Martino*, No. 11-31115 MER, 2011 WL 5856327, at *2 (Bankr. D. Colo. Nov. 17, 2011) ("One of the primary purposes of a Rule 2004 examination is as a pre-litigation device." (internal quotation omitted)).
[43] Doc. 49 p. 13.

11

have sought a protective order under Local Bankruptcy Rule 2004.1(c). Under that Local Rule, after first undertaking "reasonable efforts to confer with opposing counsel," a movant may file a motion, at least four days prior to the date of the proposed examination, "stating the reasons for prohibiting, limiting[,] or rescheduling the examination." When such a motion is filed, the examination is stayed until the court decides the motion.

After the initial Notice of Rule 2004 Examination in June 2024, the parties attempted to work cooperatively to extend the deadline for Ms. Gallagher to object to the dischargeability of debt and to obtain documents in response to the request. But after that initial agreement, beginning in July 2024, Debtor's counsel simply stopped responding to communications from Ms. Gallagher's counsel, then disclaimed representation, forcing counsel for Ms. Gallagher to file the first motion seeking this Court's intervention on August 7, 2024. Therein was Debtor and counsel's second error—failure to communicate in response to legitimate inquiries.

After that initial hearing, set after Ms. Gallagher was forced to file her first motion on this matter, the Court entered its first Order in this matter on August 29, 2024, requiring, in no uncertain terms, production by Debtor in response to the Notice by September 30, 2024.

The September 30, 2024, deadline came and went. After expiration of the deadline without full compliance or any request from Debtor for more time, counsel for Ms. Gallagher contacted the Court for assistance and the Court was required to have another hearing in the matter on November 1, 2024. The Court directed Ms.

12

Gallagher to file a motion to compel to delineate the requests still missing and directed Debtor to file a response by a certain date. Again, rather than respond to that motion by the established deadline, Debtor filed his response out of time, without seeking leave or an extension of the time. After another hearing on November 14, 2024, the Court entered its Order on November 15, 2024, requiring production to most of the requests by December 2, 2024.

Not only did Debtor again not respond by the December 2 deadline, Debtor also did not seek an extension of that date.[44] Only after counsel for Ms. Gallagher filed an itemization of the fees requested did Debtor finally submit his response to the requests, three days after the deadline to do so, on December 5, 2024.[45]

Based on the above-detailed failures of Debtor that caused delay and added expense for Ms. Gallagher, the Court concludes sanctions are appropriate. Debtor failed to cooperate in the scheduling of the Rule 2004 examination, repeatedly failed to comply with the requested production of documents in advance of that Rule 2004 examination, failed to respond to opposing counsel, and repeatedly failed to meet deadlines established by this Court in Orders of this Court.[46] Sanctions are appropriate for failure to appear at a Rule 2004 exam or cooperate with a Rule 2004 request, and the Court concludes they are appropriate here to address the

---

[44] In response to one aspect of the missing responses, Debtor did finally subpoena his back account records, but not until November 26, 2024. *See* Doc. 57.
[45] Doc. 58.
[46] Debtor was also not forthcoming in his most recent filing with this Court: instead of acknowledging the missed deadlines, he argued to the contrary that Debtor was, in fact, compliant with Rule 2004. *See* Doc. 59 p. 9 (arguing Debtor had produced all documents within his possession and control, but not acknowledging the Court's Orders or the missed deadlines).

13

additional expenditures required by Ms. Gallagher in this matter.[47] The purpose of these sanctions is remedial, not punitive.

Debtor's argument against the imposition of sanctions is two-fold. First, Debtor argues he has produced all documents within his possession and control, noting counsel provided documents on multiple days throughout September, October, and early-November 2024.[48] Debtor acknowledges one outstanding request related to the subpoenaed records from Debtor's personal bank account,[49] but appears to otherwise argue his production was complete at the time of a November 11, 2024, production to counsel for Ms. Gallagher. To the contrary, the Court specifically concluded in its November 15, 2024, order that Debtor's response to date

---

[47] *See, e.g.*, *In re Ergle*, 656 B.R. 483, 486 (Bankr. D.S.C. 2024) (sanctions entered against non-party under § 105(a) for failure to provide documents and appear at Rule 2004 exam); *In re Bello*, 528 B.R. 562, 567 (Bankr. E.D.N.Y. 2015) (sanctions may be awarded for failure to appear at Rule 2004 exam, stating "it has long been recognized that a bankruptcy court, like all federal courts, has the inherent authority to . . . impose sanctions on parties and professionals that appear before it. . . . The guidelines provided by Rule 37(d) may . . . shape the court's determination of sanctions pursuant to its inherent powers" (internal quotations omitted)); *In re Parikh*, 508 B.R. 572, 600-01 (Bankr. E.D.N.Y. 2014) (sanctions available against parties and/or attorneys under Rule 9011 regarding Rule 2004 exams; sanctions are discretionary, any monetary award "should consider the purpose of the sanction and should be narrowly tailored to achieve that purpose").

[48] *See* Doc. 59 Ex. B (Debtor's tax returns for 2019 through 2023, a copy of a check, and a copy of an account agreement, provided September 4, 2024), Ex. D (link to Google Drive cloud folder containing additional documents, provided September 30, 2024), Ex. J (copy of a bill of sale for a vehicle, provided October 11, 2024), Ex. K (bank statements for Wichita Home Specialists, LLC for 2022, provided October 15, 2024), Ex. L (partial pages from bank statements for Wichita Home Specialists, LLC for May through November 2023, provided October 17, 2024), Ex. N (partial pages from bank statements for Wichita Home Specialists, LLC for May and June 2023, and additional information relating to transactions from January through April 2023 and the classification of Debtor's 2022 income, provided October 18, 2024) and Ex. O (bank statements for Wichita Home Specialists, LLC for September through December 2023, also provided October 18, 2024), Ex. P (partial pages from bank statements for Wichita Home Specialists, LLC for April 2022, provided October 21, 2024), Ex. R (tax return transcripts, provided November 1, 2024), Ex. V (client list, provided November 11, 2024). The Court has reviewed the documents provided, and while substantial, there is no escaping the conclusion the records are not a full and complete response to the requests, as specifically ordered by the Court.

[49] As noted above, those records were subpoenaed on November 26, 2024. At the Court's most recent hearing on December 12, 2024, counsel for Debtor indicated he had just received the records and would turn them over that day.

14

was insufficient, that Debtor must respond to the matters identified in Ms. Gallagher's motion to compel (other than one exception) by December 2, 2024, and also ordered the following:

> Debtor is ordered to respond to all of the outstanding requests identified in the motion, subject to one limitation noted below . . . . If responsive documents do not exist, Debtor should clearly say so, in writing. If requested documents are outside the control of Debtor, the specific location of those documents should be stated, in writing, along with any information about Debtor or the business entities that Gallagher would need to subpoena the documents.[50]

As noted previously, Debtor not only did not respond by that deadline, but Debtor also did not seek an extension of the deadline and finally filed a response three days after the deadline passed. So even if Debtor truly did produce all documents available to him,[51] he still had a responsibility to answer the requests asked – by either stating affirmatively that the documents did not exist, or informing counsel where the documents could be found. The Court' Order to that effect expressly required such compliance by December 2, 2024.

Second, Debtor argues sanctions are not authorized for a debtor's violation of Rule 2004, citing *In re Blinder, Robinson & Co., Inc.*[52] for the proposition that the Federal Rules of Civil Procedure—which permit fees as a sanction for discovery

---

[50] Doc. 55 p. 4.
[51] As discussed above in the Court's Findings of Fact, Debtor's Schedule I indicated he was self-employed, although no related information was provided, and his Statement of Financial Affairs indicated the existence of a sole proprietorship and the Wichita Home Specialists, LLC. Understandably, Ms. Gallagher has doubts that all requested information has been provided, as Debtor responded to multiple requests with the affirmative statement "Debtor has never operated a sole proprietorship," *e.g.*, Doc. 58 p. 3. This is why the Court has ordered the Rule 2004 examination be scheduled for Debtor to answer questions directly; waiting for information in advance of a Rule 2004 examination has proved futile.
[52] 127 B.R. 267 (D. Colo. 1991).

15

abuses[53]—apply only in adversary proceedings. The page of the case cited does state "if an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026–7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used."[54] But simply because the Rules governing adversary proceedings do not apply to a Rule 2004 examination does not mean the Court does not have power to sanction a debtor or his counsel for failure to comply with the Court's Orders or failure to comply with legitimate and reasonable requests under Rule 2004. As noted above, the Court has authority to sanction a party under its inherent authority to impose sanctions.[55] Debtor was given sufficient notice of the requested fees as a sanction,[56] and responded to that request,[57] so the Court is satisfied due process has been provided.

Per Ms. Gallagher's Support Document with itemization of requested fees, Ms. Gallagher requests a total of $11,955 in fees: $8490 for Mr. Thompson[58] and

---

[53] *See* Fed. R. Civ. P. 37 (governing sanctions for failure to cooperate with discovery).

[54] *Id.* at 275 (internal quotations omitted).

[55] *See supra* note 45; *see also Jones v. Bank of Sante Fe* (*In re Courtesy Inns, Ltd., Inc.*), 40 F.3d 1084, 1089 (10th Cir. 1994) (concluding bankruptcy courts have inherent authority under § 105(a) to issue sanctions, and stating "[t]he power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes"); *In re Van Winkle*, 598 B.R. 297, 299-300 (Bankr. D.N.M. 2019) ("Bankruptcy courts have authority to sanction contumacious violations of court orders. Bankruptcy courts also have the inherent authority to maintain order and confine improper behavior in their own proceedings. Bankruptcy courts may also possess inherent power to sanction abusive litigation practices." (internal quotations and alterations omitted)).

[56] Doc. 49 (motion to compel, asking for award of fees), Doc. 55 (nunc pro tunc order granting motion to compel in part, and asking for an itemization and response regarding request for fees), Doc. 56 (document in support of request for fees).

[57] Doc. 59 (Debtor's supplemental response to Ms. Gallagher's motion to compel).

[58] The $8490 in fees for Mr. Thompson include $330 for 3.3 hours by a legal assistant (billed at $100 an hour) to "organize and inventory bank statements provided by [Debtor] that were mixed up and not in order." Doc. 56 p. 9. This request certainly seems reasonable considering the piecemeal and scattered production of the bank account statements by Debtor, as detailed in his response to the motion to compel. *See* Doc. 59 and supra note 46.

16

$3465 for Mr. Lomas. Itemization for these fees provided, and the amount requested is limited to the fees incurred for Ms. Gallagher's initial motion for establishment of dates and extension of the dischargeability deadline,[59] Ms. Gallagher's motion to expedite the hearing thereon,[60] Ms. Gallagher's motion to compel,[61] and all hearings related thereto. The time entries cover August 2024 through the provision of the December 4, 2024, Support Document itemizing the fees. The time entries are sufficiently detailed, there appears to be no overlap of work between counsel for Ms. Gallagher, and the hourly rate and time spent are reasonable.

The Court concludes the full amount of $11,955 is justified as a sanction for Debtor's failure to respond to the Rule 2004 examination request as detailed above and failure to comply with this Court's Orders concerning the same. The sanction amount should be delivered to counsel for Ms. Gallagher within thirty days of the entry of this Order.

If Debtor is unable to make payment in full within thirty days, he should, well in advance of that deadline, propose reasonable payment arrangements for the same to counsel for Ms. Gallagher. If an agreement as to those payment arrangements cannot be reached, Debtor should file a motion asking for Court approval of his requested arrangements. Again, any motion in this regard should be filed in advance of the expiration of the thirty-day deadline for payment.

---

[59] Doc. 33.
[60] Doc. 34.
[61] Doc. 49.

17

### III. Conclusions

The Court grants the remainder of the motion to compel filed by Ms. Gallagher,[62] relating to fees as a sanction. The Court awards total fees of $11,955 to Ms. Gallagher, with payment due within thirty days of the date of this Order, as outlined above.

**It is so Ordered.**

# # #

---

[62] Doc. 49.